UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
Bridgeport Division

| | | |
|---|---|---|
| In re | : | CHAPTER 11 |
| | : | |
| SIGG SWITZERLAND (USA), INC. | : | CASE NO. 11-51024 (AHWS) |
| | : | |
| Debtor. | : | |

**PROPOSED ORDER (i) AUTHORIZING AND APPROVING FORM OF STALKING HORSE AGREEMENT, (ii) AUTHORIZING AND APPROVING BIDDING PROCEDURES, (iii) AUTHORIZING AND APPROVING PROCEDURES GOVERNING THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS, (iv) AUTHORIZING AND APPROVING BREAK-UP FEE (v) SCHEDULING AN AUCTION, (vi) APPROVING FORM AND MANNER OF NOTICE THEREOF, AND (vii) GRANTING RELATED RELIEF, ALL IN CONNECTION WITH THE SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS**

Upon the Motion of Debtor SIGG Switzerland (USA) Debtor and Debtor-in-Possession for an Order (i) Authorizing and Approving Form of Stalking Horse Agreement, (ii) Authorizing and Approving Bidding Procedures, (iii) Authorizing and Approving Procedures Governing the Assumption and Assignment of Executory Contracts, (iv) Authorizing and Approving Break-Up Fee, (v) Scheduling an Auction, (vi) Approving the Form and Manner of Notice Thereof, and (vii) Granting Related Relief, all in Connection with the Sale of Substantially All of the Debtor's Assets (the "Bidding Procedures Motion") (Doc ID. No. 41), and any objections to the Bidding Procedures Motion having been overruled or resolved, and good and sufficient cause

appearing therefore and the court having found that sufficient notice having been given, it is hereby

ORDERED:

### A.      General

1.      The Bidding Procedures Motion is granted as set forth herein.

### B.      Approval of the Form of Stalking Horse Agreement

2.      The form *only* of the Stalking Horse Agreement (and not the substance thereof) (the "Stalking Horse Agreement") between the Debtor and SIGG Canada Products, Inc. (the "Proposed Buyer") is approved.  The approval of any sale of the Assets of the Debtor (including any sale to the Proposed Buyer under the Stalking Horse Agreement) shall be approved, if at all, at the Sale Hearing as scheduled below.

3.      Notwithstanding any agreement by SIGG Switzerland AG (the "Parent") to subordinate its right to payment on its general unsecured claim (the "Parent Claim") to the payment of all other allowed general unsecured claims so long as the Parent's bid is the winning bid (the "Parent Subordination"), or the Court's approval of these Bidding Procedures, the Committee and the Office of the United States Trustee expressly reserves, retains, and does not waive any of its rights to object to the terms, conditions, limitations or effect of the Parent Subordination at any hearing on approval of the proposed Stalking Horse Agreement, Sale Motion or any other bid.  Such reservation of rights shall include, without limitation, the right of the Committee to assert that the Parent Claim is subject in whole or in part to disallowance, recharacterization or subordination.

-2-

**C.     Approval of the Procedures Governing the Assumption and Assignment of Executory Contracts and Unexpired Leases**

4.     a.     **Cure Amount Objection Deadline**

i.     Within 3 business days of entry of this Order, the Debtor shall, via overnight courier service, transmit a notice to all counterparties to executory contracts and unexpired leases, which notice shall identify the (a) counter-party to such executory contract and unexpired lease, (b) contain a brief description of the subject contract or lease and (c) reflect the Debtor's calculation of any cure amount, if any, which may be due to such counterparty in the event such contract or unexpired lease is to be assumed pursuant to the provisions of 11 U.S.C. Section § 365 (the "Cure Amount").

ii.     Counter-parties to executory contracts or unexpired leases must file with the Court and serve on (i) Debtor's counsel, Murtha Cullina LLP, 185 Asylum Street, Hartford, CT 06103, Attention:  Robert A. White; and (ii) Proposed Buyers' counsel, Zeisler & Zeisler P.C., 558 Clinton Avenue, Bridgeport, CT 06605, Attention: James Berman, any objection to the Debtor's calculation of the Cure Amount, or to the Debtor's assumption or assignment of such contract or lease such that any such objections are filed and are served by 5:00 p.m., July 14, 2011.  Failure to file an objection to the Cure Amount shall be deemed a waiver to object to the Debtor's Cure Amount.

**D.    Approval of the Bidding Procedures**

5.    The Bidding Procedures attached hereto as Exhibit 1 are approved and shall govern the scheduling and conduct of the Auction (as hereinafter defined) and the scheduling of the hearing to approve the sale of the Assets.

6.    Gerber Finance, Inc. is permitted to credit bid pursuant to Section 363(k) of the Code.

**E.    Scheduling of an Auction and Sale Hearing**

7.    Within 3 business days of entry of this Order, the Debtor shall serve via first class mail, Motion for an Order (A) Authorizing and Approving the Sale of Substantially All of the Debtor's Assets Other Than In The Ordinary Course of Business, Free and Clear Of Liens, Claims, Encumbrances and Interests Pursuant To 11 U.S.C. §§ 105, 363(b) and (f) and Federal Rule of Bankruptcy Procedure 6004; (B) to Assume and Assign Certain Executory Contracts and Unexpired Leases of Property Pursuant to 11 U.S.C. § 365(a) and Federal Rule of Bankruptcy Procedure 6006; and (C) authorize the disbursement of proceeds to secured creditors (the "Sale Motion") on (i) all creditors and parties in interest, (ii) parties in interest who have filed appearances in these proceedings, and (iii) all potential purchasers who have expressed an interest in acquiring the assets of the Debtors, along with a notice of hearing which sets forth that the Bankruptcy Court will conduct a hearing to consider the Sale Motion, and any objections thereto on July 19, 2011, at 2:00 p.m., at the United States Bankruptcy Court, District of Connecticut, Bridgeport Division, 915 Lafayette Boulevard, Bridgeport, CT 06604, with objections to be filed and served such that they are in hand receipt of Debtor's counsel, Murtha Cullina LLP,

-4-

185 Asylum Street, Hartford, CT 06103, Attention: Robert A. White; Proposed

Buyers' counsel, Zeisler & Zeisler P.C., 558 Clinton Avenue, Bridgeport, CT 06605,

Attention: James Berman, on or before July 15, 2011 at 5:00 p.m.

On or before July 11, 2011 at 5:00 p.m. the Committee shall have the right to

extend the deadlines by filing a Notice of Extension with the Court on notice to

counsel to the Debtor, the Proposed Buyer and the Office of the United States

Trustee herein as follows: Bid Deadline – August 9 at 5:00 p.m.; Auction on

August 10, 2011 at 10:00 a.m.; and Sale Hearing on August 10, 2011 at 2:00 p.m or

such other time as permits a closing on or before September 12, 2011.  By agreement

of the Parties the Committee will not seek any further extensions of the deadlines.

Dated at Bridgeport, Connecticut, this _____ day of June, 2011.

2406933v1