**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

---------------------------------------------------------X
In re:                                          :        CHAPTER 11
                                                :
SIGG SWITZERLAND (USA), INC.,                   :        CASE NO. 11-51024
                                                :
       Debtor                                :
--------------------------------------------------- X

**RESPONSE AND RESERVATION OF RIGHTS OF GERBER
FINANCE INC. WITH RESPECT TO SALE MOTION**

Gerber Finance Inc. ("Gerber"), by its undersigned counsel, hereby submits this response and reservation of rights (this "Response") to the motion of the above-captioned debtor and debtor in possession (the "Debtor") for authority (i) to sell substantially all of its assets, (ii) to assume and assign certain executory contracts and unexpired leases and (iii) to disburse proceeds to secured parties (the "Sale Motion") dated May 27, 2011 [ECF No. 50]. In support of this Response, Gerber respectfully represents as follows:

**BACKGROUND**

1. Gerber is the Debtor's prepetition secured lender and also its DIP Lender, as defined under the final DIP Order entered June 23, 2011 (the "DIP Order") [ECF No. 114]. As of the Petition Date, the Debtor was indebted to Gerber in the principal amount of not less than $1,981,908.32, plus interest accrued and accruing thereon, and other fees, charges and disbursements of counsel, accountants, appraisers and financial advisors, and any other charges accrued and accruing with respect thereto, as provided in the Pre-Petition Loan Documents (as defined in the DIP Order) or related documents. As of July 14, 2011, the Debtor was indebted to Gerber in the aggregate amount of not less than $1,789,576.58, consisting of the principal amount of not less than $1,657,056.08 (inclusive of $48,115.65 in prepetition fees and expenses

of Gerber's counsel), plus interest in an amount not less than $5,817.25, plus fees due under the DIP Loan Documents of not less than $2,545, plus the postpetition fees and expenses of Gerber's counsel (through July 11, 2011) of not less than $124,158.25. As of July 31, 2011 (the expected closing date of the Sale), the Debtor will be indebted to Gerber in an amount not less than $1,821,308.75, consisting of the principal amount of not less than $1,657,056.08 (inclusive of $48,115.65 in prepetition fees and expenses of Gerber's counsel), plus interest in an amount not less than $12,504.47, plus fees due under the DIP Loan Documents of not less than $2,590, plus the postpetition fees and expenses of Gerber's counsel through that date, which Gerber projects will be not less than $149,158.25 (the "Closing Date Indebtedness").[1]

2. As recognized by the DIP Order, the above indebtedness, including the Closing Date Indebtedness, is secured by the Pre-Petition Liens, the DIP Liens and the Adequate Protection Liens, which are blanket liens encumbering substantially all of the Debtor's assets, including the assets which the Debtor proposes to sell pursuant to the Sale Motion. Pursuant to paragraphs 4 and 21 of the DIP Order, the liens and claims of Gerber are valid and not subject to challenge or avoidance, and the time for any party to file a challenge to the liens and claims of Gerber has now passed. DIP Order at ¶¶ 4, 21.

3. On May 27, 2011, the Debtor filed the Sale Motion. The Sale Motion seeks authority to sell substantially all of the Debtor's assets to SIGG Products Canada, Inc. (the

---

[1] The amount of the Closing Date Indebtedness is necessarily an estimate at this point. It presumes that there will be no borrowings or collections/repayments under the DIP Loan Documents and that the projected postpetition fees and expenses of Gerber's counsel are accurate. If there were additional borrowings under the DIP Loan Documents, or if the fees and expenses of Gerber's counsel were more than anticipated, the amount of the Closing Date Indebtedness would be increased. Conversely, if there were additional collections (which pursuant to the DIP Order are applied against the Debtor's indebtedness to Gerber, or the postpetition fees and expenses of Gerber's counsel were less than projected, the Closing Date Indebtedness would be decreased.

"Buyer"), subject to higher and better offers (the "Sale").

4.  Paragraph 23 of the DIP Order provides that the Closing Date Indebtedness must be paid irrevocably, indefeasibly and in full upon the closing of the Sale from the Sale proceeds. Paragraph 23 of the DIP Order further provides that certain carve outs for professionals and others must also be satisfied from the proceeds of the Sale.

5.  Similarly, the Sale Motion contemplates that "if no challenge has been [timely] filed" to the claims and liens of Gerber pursuant to paragraph 21 of the DIP Order, "the Debtor should be able to pay Lender the amount of its debt at closing." Sale Motion at ¶ 43. The Sale Motion further recognizes that the proposed sale order provides for payment from the Sale proceeds to Gerber of the full amount of its debt. Id. Since, as noted above, no timely challenge was filed to Gerber's claims and liens, Gerber expects that the full amount of the Closing Date Indebtedness will be paid to it irrevocably, indefeasibly and in full at the closing of the Sale.

**RESPONSE AND RESERVATION OF RIGHTS**

6.  As noted in the Sale Motion, Gerber has "actively supported the sale process provided that [it] be paid in full." Sale Motion at ¶ 36. Indeed, Gerber continues to support the Sale so long as Gerber will be paid the full amount of the Closing Date Indebtedness irrevocably, indefeasibly and in full upon the closing of the Sale.

7.  If, however, the Debtor does not intend to pay the full amount of the Closing Date Indebtedness irrevocably, indefeasibly and in full upon the closing of the Sale, Gerber would object to the Sale and ask that it be denied on the grounds that it would be inconsistent with and violative of (i) the DIP Order, (ii) the relief requested on notice to creditors in the Sale Motion and (iii) Bankruptcy Code Section 363.

8.   Gerber reserves all of its rights with respect to the Sale, including the right to modify or supplement this response and reservation of rights at any time prior to or at the sale hearing.

## **CONCLUSION**

WHEREFORE, Gerber respectfully requests that the Court enter an order in respect of the Sale Motion consistent with this Response and grant Gerber such other and further relief as is just and proper.

Dated: July 15, 2011
      Bridgeport, Connecticut

          Respectfully submitted,

          **GERBER FINANCE, INC.**

By:   __/s/ Austin D. Kim_____
      Austin D. Kim, Esq. (ct27580)
      COHEN AND WOLF, P.C.
      1115 Broad Street
      Bridgeport, Connecticut  06604
      Tele:  (203) 368-0211
      Fax:   (203) 394-9901
      E-mail:akim@cohenandwolf.com

      and

      **LOEB & LOEB LLP**
      William M. Hawkins (WH-1865)
      Daniel B. Besikof (DB-6872)
      345 Park Avenue
      New York, New York  10154
      Tel:  (212) 407-4000
      Fax:  (212) 407-4900
      Emai: whawkins@loeb.com
      Email: dbesikof@loeb.com

      *Counsel to Gerber Finance Inc.*